**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

MIGUEL ROCHA,

     Plaintiff,

v.

COMPASS GROUP USA, INC.,

     Defendant.
_____/

## COMPLAINT

    Plaintiff, Miguel Rocha (hereinafter referred to as "Plaintiff"), brings this action against Compass Group USA, Inc. (hereinafter referred to as "Defendant") for alleged disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA") and under The Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, and in support avers as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1343, 1367, and 42 U.S.C. Section 2000 (e)-5(f).  This action is authorized and instituted pursuant to The Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA); Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq. and the Civil Rights Act of 1991, and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in Broward County.  The employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of the United States District Court for the Southern District of Florida.

## **GENERAL ALLEGATIONS**

3. This is an action by the Plaintiff for damages exceeding $100,000.00, excluding attorney fees or costs, pursuant to The Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA); Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Florida Civil Rights Act of 1992, Florida Statute Section 760 to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

4. Plaintiff is a person within a class of individuals protected by the Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA); Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Civil Rights Act of 1991, and the Florida Civil Rights Act of 1992, Florida Statute Section 760 as a disabled Male.

5. At all times material to this action Plaintiff was an employee of Defendant within the meaning of the ADAAA, 42 U.S.C. § 12111(4), and the FCRA, F.S. § 760.10(1)(a).

6. Plaintiff was and continues to be, a resident of Miami, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Broward County, Florida.

7. Defendant is an "employer" pursuant to The Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA); Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Florida Civil Rights Act of 1992, Florida Statute Section 760, ("FCRA") since it employs fifteen (15) or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

8.  At all times material to this action, Defendant was Plaintiff's employer within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7) and VEVRAA.

9.  Plaintiff was at all times relevant to this action, working for Defendant in Broward County, Florida, within the jurisdiction of this Honorable Court.

10. At all times material to this action, Plaintiff suffered from on e or more "physical or mental impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1)-(2).

11. At all times material to this action, Plaintiff was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i).

12. Plaintiff timely filed a charge of employment discrimination with the United States Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) and the Equal Employment Opportunity Commission (EEOC), the agencies which are responsible for investigating claims of employment discrimination.

13. The Vietnam Era Veterans Readjustment Assistance Act of 1974; 38 USC 4212 (VEVRAA), as amended, provides that the federal government shall require its contractors to "take affirmative action to employ and advance in employment qualified covered veterans." 38 U.S.C. § 4212(a). In addition, the statute provides that a covered veteran who believes that a government contractor has not complied with VEVRAA "may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws

and regulations." 38 U.S.C. § 4212(b). The Secretary of Labor has charged the Office of Federal Contract Compliance Programs (OFCCP) with investigating complaints made against contractors. 41 C.F.R. 60-250.60, 60-250.61(a). After the OFCCP receives such a complaint, it is directed to "prompt[ly] investigat[e]," 41 C.F.R. 60-250.61(d), and determine whether to pursue enforcement proceedings against the contractor. 41 C.F.R. 60-250.65, 60-250.66. If the OFCCP determines either that the contractor has not committed an infraction or that initiating enforcement proceedings is unwarranted, the OFCCP informs the complainant and the contractor, usually in a Notice of Results of Investigation. 41 C.F.R. 60-250.61(e)(1).

14. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies. Plaintiff has received a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff is part of a protected class under the VEVRAA, the ADA and the FCRA, as a disabled Male.

16. Plaintiff is a retired disabled veteran who has Post-Traumatic Stress Disorder and Anxiety.

17. Plaintiff started working for Defendant as the Director of Operations.

18. Plaintiff worked for COMPASS GROUP USA, INC. as the Director of Operations, from on or about June 1, 2018, through February 1, 2020.

19. Throughout Plaintiff's employment with COMPASS GROUP USA, INC., Plaintiff worked at Nova Southeastern University under a contract with the company.

20. During the COVID-19 pandemic, majority of the employees were let go.

21. Plaintiff was terminated on February 1, 2020 for not performing as well as his peers who held the same position as the Plaintiff.

22. Plaintiff had multiple Veteran Affair appointments for his disability.

23. Plaintiff was not able to perform as well as his same-positioned co-worker due to being a disabled veteran.

24. The employee who was in charge of running numbers on the computer would change the numbers to make it seem like the company's account was in good standing on the labor cost.

25. Nova Southeastern University would falsely inflate their costs at their location, exaggerating their expenses rather than reducing labor costs, to create the appearance of higher overall costs.

### COUNT I
### *Disability Discrimination in Violation of the FCRA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of thisComplaint as if set out in full herein.

27. Plaintiff has a physical disability that substantially limits one or more major life activities andis thus a member of a protected class under the FCRA.

28. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

29. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

30. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

5

31. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

33. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others,

from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### *Retaliation in Violation of the FCRA*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA. Plaintiff engaged in a protected activity when Plaintiff requested leave under the FMLA for his disability and accommodations for his disability on July 28, 2021. Plaintiff further engaged in a protected activity when objected to and opposed Defendant's discriminatory treatment in only providing Plaintiff less than twelve (12) hours to provide all of Plaintiff's medical records.

43. Defendant terminated Plaintiff on August 3, 2021, as a result of Plaintiff's protected activities and less than a month after Plaintiff's protected activities.

44. Plaintiff's termination constitutes an adverse employment action. Defendant terminated Plaintiff as a result of Plaintiff's protected activities.

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protectedrights.  Defendant and its supervisory personnel were aware that discrimination on the basis ofdisability was unlawful but acted in reckless disregard of the law.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, hasbeen exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continueddiscrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/orfederal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and withmalice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III.

## FAILURE TO PREVENT WORKPLACE DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this

complaint as if set out in full herein.

51. Plaintiff is informed and believes and thereon alleges that, pursuant to applicable law, Defendant is prohibited from failing to take all reasonable steps necessary to prevent discrimination and harassment in the workplace.

52. Defendant violated its duty under the FCRA by failing to take all reasonable measures to prevent their agents, employees and management from creating a hostile work environment.

53. Defendant knew or should have known about the harassment as alleged herein. Defendant was advised on repeated occasions that their agents, employees and management were engaging in conduct in violation or potentially in violation of the FCRA. Despite such knowledge, Defendant failed to take immediate and appropriate corrective action to prevent the hostile work environment as alleged herein and detailed within Plaintiff's charge of discrimination filed with the EEOC.

54. As a result of Defendant's failure to take all reasonable steps to prevent discrimination and harassment in violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including severe emotional and/or physical distress, the exact amount of which will be proven at trial.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

      A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

      B. Award Plaintiff as to this count prejudgment interest; and

C.   Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D.   Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

E.   Plaintiff demands a trial by jury.

F.   Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

## <u>COUNT IV.</u>

## <u>HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S PROTECTED CLASS IN VIOLATION OF THE FCRA</u>

55. The foregoing facts are incorporated herein.

56. Florida courts recognize hostile work environment claims based on discrimination of a protected class under the FCRA.

57. The Plaintiff was subject to unwelcome, offensive and harassing discriminatory conduct during employment with Defendant, and this conduct was directed to and perpetuated upon Plaintiff because of Plaintiff's protected class.

58. The Defendant's conduct was severe or pervasive enough to make a reasonable person of the same protected class believe that the conditions of employment were altered, and that the environment was intimidating, hostile, or abusive.

59. The harassing conduct was directly connected to the Plaintiff's protected class.

60. The Defendant's employees regularly harassed the Plaintiff because of Plaintiff's protected class.

11

61. The Defendant's employees regularly made discriminatory comments about the Plaintiff on account of Plaintiff's protected class.

62. As a result of the hostile work environment, the Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

63. The Defendant failed to exercise reasonable care to prevent harassment in the workplace on the basis of Plaintiff' protected class, failing to fully communicate the policy to its employees, and/or failing to provide a reasonable way for the Plaintiff to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by the Plaintiff.

64. Defendant is strictly and/or vicariously liable for subjecting Plaintiff to a hostile work environment, based on the Plaintiff's protected class as detailed herein.

65. As a direct and proximate result of Defendant's unlawful employment practices in violation of Section 760.10(1)(a), Florida Statutes, Plaintiff has suffered damages.

**COUNT V.  DISPARATE TREATMENT UNDER FCRA BY PLAINTIFF**

66. Plaintiff hereby restates the allegations contained in paragraphs 1 through 25, as though stated fully and completely herein.

67. During his/her employment, Plaintiff possessed the skills and background necessary to perform the duties of the position. As such, Plaintiff was qualified for the position.

68. During his/her employment, Defendant, through its employee and/or agent Sample, treated Plaintiff differently and less favorably from similarly situated employees outside the protected class. The disparate treatment of Plaintiff included, but was not limited to, the

following: reducing Plaintiff's wages without cause; reducing the hours Plaintiff worked without cause; transferring or attempting to transfer Plaintiff repeatedly among different stores without adequate reason or explanation; blatantly informing Plaintiff that said transfers were due to his/her race; and threatening to terminate Plaintiff if Plaintiff did not agree to said transfers and reductions in the wages and hours.

69. The discriminatory actions of Defendant against Plaintiff, when considered individually or collectively, constitute an adverse employment action for purposes of the FCRA. More specifically, the actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as employees. As such, the disparate treatment constitutes an adverse employment action within the meaning of the FCRA.

70. The adverse employment actions were taken because of Plaintiff's race and/or color. More specifically, Plaintiff's race and/or color played a motivating factor in the adverse employment actions.

71. In subjecting Plaintiff to adverse employment action on the basis of race and/or color, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his/her employment.

72. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; and costs, including attorney's fees, in pursuing redress for the deprivation of his/her civil rights.

73. This claim for disparate treatment on the basis of race and/or color is asserted against Defendant pursuant to the FCRA, fla. stat. §§ 760.01 *et seq.*

74. By and through acts alleged, Defendant intentionally discriminated against Plaintiff because of race and/or color with respect to the compensation, terms, conditions, or privileges of his/her employment.

75. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages as alleged more specifically in paragraph 30.

76. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, give rise to a cause of action under FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of race and/or color with respect to the compensation, terms, conditions, or privileges of employment.

77. If Plaintiff prevails on its FCRA claim, resulting in vindication of his/her civil rights, then Plaintiff is entitled to reasonable attorney's fees pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for reasonable attorney's fees and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

<u>**COUNT VI**</u>
<u>**DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH**</u>
<u>**DISABILITIES ACT**</u>

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of thisComplaint as if set out in full herein.

79. The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

80. At all times material to this action, Plaintiff suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §160.2(h)(1).

81. At all times material to this action, Plaintiff was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii).

82. At all times material to this action, Plaintiff was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by Defendant as a person with such impairments.

83. At all times material to this action, Plaintiff had to endure substantial limitations as a result of Plaintiff's conditions within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because Plaintiff's medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because Plaintiff's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities as compared to most

people in the general population.

84. At all times material to this action, Plaintiff was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because Plaintiff's medical condition(s) constitute one or more actual physical impairments that substantially limited one or more of Plaintiff's major life activities.

85. In addition, at all times material to this action, Plaintiff was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because Plaintiff's medical condition(s) constitute one or more actual physical impairments that substantially limited one or more of Plaintiff's major life activities.

86. At all times material to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactory perform the essential functions of his job for Defendant with or without reasonable accommodation by Defendant.

87. At all times material to this action, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because Plaintiff possessed the requisite skill and experience to carry out his essential duties for Defendant and Plaintiff likewise was capable of performing the essential functions of his job despite Plaintiff's disability, with or without reasonable accommodation(s) by Defendant.

88. Further, Plaintiff was also qualified for his job with Defendant within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of Plaintiff's conditions because Defendant could have and should have provided Plaintiff with reasonable accommodations(s).

89. At all times material to this action, Defendant subjected Plaintiff to disparate treatment and discrimination in violation of 42 U.S.C. §12112 which was motivated by Plaintiff's disability and Defendant discriminated against Plaintiff because of his disability in violation of 42 U.S.C. §12112, including but not limited to: (a) Defendant failing to provide a reasonable accommodation for Plaintiff's disability; and (b) Defendant terminating Plaintiff's employment based upon false and/or pretextual grounds because of Plaintiff's actual or perceived disability.

90. Defendant terminated Plaintiff's employment because of Plaintiff's actual and/or perceived disability, in violation of 42 U.S.C. §12112(a).

91. The reasons proffered by Defendant for terminating Plaintiff's employment were false and a pretext for discrimination against Plaintiff because of his disability in violation of 42 U.S.C. §12112(a).

92. Defendant knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against Plaintiff because of his disability so as to discourage, dissuade and/or otherwise dishearten Plaintiff.

93. Plaintiff's actual and/or perceived disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment in violation of 42 U.S.C. §12112.

94. Defendant's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to Plaintiff's rights guaranteed under the laws of the United States.

95. Plaintiff suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of the ADA and ADAAA.

96. Plaintiff has retained the undersigned counsel to represent him in this action and pursuant

to 42 U.S.C. §12205, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys'' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**COUNT VII**
**RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

97. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of thisComplaint as if set out in full herein.

98. The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

99. Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

100.      At all times material to this action, Plaintiff was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff 9a) suffered one

18

or more physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by Defendant as a person with such impairments.

101.     Plaintiff was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of his job for Defendant with or without reasonable accommodation.

102.     Plaintiff engaged in statutorily protected activity under the ADA and ADAAA, *inter alia*, Plaintiff exercising or attempting to exercise or enjoy his rights under the ADA, including but not limited to Plaintiff complaining about and objecting to Defendant about what Plaintiff reasonably and in good faith believed was unlawful discrimination because of Plaintiff's disability.

103.     Defendant subjected Plaintiff to adverse employment actions including but not necessarily limited to Defendant terminating Plaintiff's employment based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff seeking medical treatment and time of for his disability, all because Plaintiff engaged in statutorily protected activity under the ADA and ADAAA.

104.     Defendant's retaliatory actions against Plaintiff constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he or she has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under

the ADA/ADAAA on account of his having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

105.    Defendant's termination of Plaintiff's employment was unlawful retaliation in violation of 42 U.S.C. §12203 because Plaintiff exercising his rights to complain about and object to discrimination based upon his disability, in violation of the ADA.

106.    The fact that Plaintiff engaged in activity protected by the ADA was a motivating factor in Defendant's termination of Plaintiff's employment in violation of 42 U.S.C. §12203.

107.    The reasons proffered by Defendant for terminating Plaintiff's employment were a pretext for unlawful retaliation against Plaintiff in violation of 42 U.S.C. §12203.

108.    As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff in violation of the ADA, Plaintiff suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

109.    Defendant's action shave caused Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110.    Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for Plaintiff's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

111.    Pursuant to 42 U.S.C. §12205, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendant as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT VIII
## VIOLATION OF THE VIETNAM ERA VETERANS READJUSTMENT ASSISTANCE ACT OF 1974

112.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of thisComplaint as if set out in full herein.

113.     The Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 prohibits federal contractors and subcontractors from discriminating in employment against protected veterans and requires employers take affirmative action to recruit, hire, promote, and retain these individuals.

114.     The Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 provides that:

(1) Any contract in the amount of $100,000 or more entered into by any department or agency of the United States for the procurement of personal property and nonpersonal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States take affirmative action to employ and advance in employment qualified covered veterans. This section applies to any subcontract in the amount of $100,000 or more entered into by a prime contractor in carrying out any such contract.

(2) In addition to requiring affirmative action to employ such qualified covered veterans under such contracts and subcontracts and in order to promote the implementation of such requirement, the Secretary of Labor shall prescribe regulations requiring that –

A.  (A) each such contractor for each such contract shall immediately list all of its employment openings with the appropriate employment service delivery system (as

defined in section 4101(7) of this title), and may also list such openings with one–stop career centers under the Workforce Investment Act of 1998, other appropriate service delivery points, or America's Job Bank (or any additional or subsequent national electronic job bank established by the Department of Labor), except that the contractor may exclude openings for executive and senior management positions and positions which are to be filled from within the contractor's organization and positions lasting three days or less;

B.  (B) each such employment service delivery system shall give such qualified covered veterans priority in referral to such employment openings; and

C.  (C) each such employment service delivery system shall provide a list of such employment openings to States, political subdivisions of States, or any private entities or organizations under contract to carry out employment, training, and placement services under chapter 41 of this title.

(3) In this section:

D.  (A) The term "covered veteran" means any of the following veterans:

- (i) Disabled veterans.

- (ii) Veterans who served on active duty in the Armed Forces during a war or in a campaign or expedition for which a campaign badge has been authorized.

- (iii) Veterans who, while serving on active duty in the Armed Forces, participated in a United States military operation for which an Armed Forces service medal was awarded pursuant to Executive Order No. 12985 (61 Fed. Reg. 1209).

- (iv) Recently separated veterans.

E.  (B) The term "qualified", with respect to an employment position, means having the ability to perform the essential functions of the position with or without reasonable accommodation for an individual with a disability.

115.    If any veteran covered by the first sentence of subsection (a) believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

116.     The Secretary of Labor shall include as part of the annual report required by section 4107(c) of this title the number of complaints filed pursuant to subsection (b) of this section, the actions taken thereon and the resolutions thereof. Such report shall also include the number of contractors listing employment openings, the nature, types, and number of positions listed and the number of veterans receiving priority pursuant to subsection (a)(2)(B).

117.     (1) Each contractor to whom subsection (a) applies shall, in accordance with regulations which the Secretary of Labor shall prescribe, report at least annually to the Secretary of Labor on –

F.  (A) the number of employees in the workforce of such contractor, by job category and hiring location, and the number of such employees, by job category and hiring location, who are qualified covered veterans;

G.  (B) the total number of new employees hired by the contractor during the period covered by the report and the number of such employees who are qualified covered veterans; and

H.  (C) the maximum number and the minimum number of employees of such contractor during the period covered by the report.

(2) The Secretary of Labor shall ensure that the administration of the reporting requirement under paragraph (1) is coordinated with respect to any requirement for the contractor to make any other report to the Secretary of Labor.

(3) The Secretary of Labor shall establish and maintain an Internet website on which the Secretary of Labor shall publicly disclose the information reported to the Secretary of Labor by contractors under paragraph (1).

118.     At all times material to this action, Plaintiff was a "disabled veteran" as defined by the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

119.     At all times material to this action, Plaintiff was a "qualified" as defined by the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

120.     At all times material to this action, Defendant was a "contractor" as defined by the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

121.     Plaintiff engaged in statutorily protected activity under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, Plaintiff exercising or attempting to exercise or enjoy his rights under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, including but not limited to Plaintiff complaining about and objecting to Defendant about what Plaintiff reasonably and in good faith believed was unlawful discrimination because of Plaintiff's disability.

122.     Defendant subjected Plaintiff to adverse employment actions including but not necessarily limited to Defendant terminating Plaintiff's employment based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff seeking medical treatment and time of for his disability, all because Plaintiff engaged in statutorily protected activity under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

123.     Defendant's retaliatory actions against Plaintiff constitute violations of the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, which prohibits employers from discriminating against an individual because of employee's veteran status.

124.     Defendant's termination of Plaintiff's employment was unlawful retaliation in violation of Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 because Plaintiff's veteran status and exercising his rights under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

125.     The reasons proffered by Defendant for terminating Plaintiff's employment were a pretext for unlawful retaliation against Plaintiff in violation of Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

126.     As a direct and proximate result of Defendant's unlawful discrimination of a veteran and retaliation against Plaintiff in violation of the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, Plaintiff suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

127.     Defendant's action shave caused Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

128.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for Plaintiff's federally protected rights under the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, as a result of which Plaintiff is entitled to punitive damages from Defendant.

129.     Pursuant to Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendant as a result of Defendant's violations of the  Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 provisions.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 23, 2024

Respectfully submitted,

/s/    Anthony M. Georges-Pierre

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
agp@rgph.law
**REMER, GEORGES-PIERRE,**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
*Counsel for Plaintiff*